IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON C. CORY,

        Plaintiff,

v.                                    Case No. 12-2547-JTM

THE CITY OF BASEHOR, ET AL.,

        Defendants.

## MEMORANDUM AND ORDER

Before the court is plaintiff Jason C. Cory's Motion to Set Aside Summary Judgment pursuant to Federal Rule of Civil Procedure 59(e). The court will construe the motion under Rule 59(e) as a motion to alter or amend the judgment. Plaintiff argues that the court erred in granting summary judgment on four of his claims. The court denies the motion.

### I. Background

Plaintiff filed a complaint in Leavenworth County District Court on July 5, 2012, against the City of Basehor, Kansas, Police Chief Lloyd Martley, Police Lieutenant Robert Pierce, the Basehor Police Department, and Basehor City Administrator Mark Loughry. Dkt. 1. The complaint alleged a variety of claims related to the termination of plaintiff's employment as a police officer for the City of Basehor. Defendants removed the case to federal court on August 21, 2012. Defendants Loughry and the Basehor Police Department were dismissed from the action on January 29, 2014. Dkt. 32.

1

The remaining defendants filed a Motion for Summary Judgment on all claims. Dkt. 33. Plaintiff's response failed to refute the facts asserted by defendants. Dkts. 34; 37. Having deemed such facts admitted, the court determined that no genuine issue of material fact existed and proceeded to consider the motion. Dkt. 51. The court granted judgment in favor of defendants on all claims. Dkt. 51. Judgment was entered on July 11, 2014, and plaintiff filed this Motion to Set Aside Summary Judgment on August 8, 2014. Dkts. 52; 53.

Plaintiff argues that the court erred in granting summary judgment on four claims: (1) Wrongful Termination, (2) Denial of Freedom of Free Speech, (3) Intentional Infliction of Emotional Distress, and (4) Qualified Immunity. Dkt. 53, 6-7. Plaintiff submitted two affidavits and other new exhibits in support of his arguments. Dkts. 54; 55; 56; 57. This evidence is best described as follows: an affidavit of plaintiff dated August 7, 2014, that explains the other exhibits now filed and provides additional testimony related to his claims (Dkt. 55); a collection of excerpts from plaintiff's depositions taken on June 11, 2013, October 23, 2013, and November 15, 2013 (Dkt. 56); Exhibits Q-AA (Dkt. 57); and an affidavit of Jana Goodman, who transcribed the audio recordings submitted as Exhibits Q-V and X (Dkt. 54).

Exhibits Q-V and X are transcripts of audio recorded on or before July 9, 2010. Dkt. 57, at 1-8, 12. The Goodman affidavit attests to the accuracy of those transcripts. Exhibit W is a memorandum from defendant Martley dated January 25, 2010. Dkt. 57, at 9-11. Exhibit Y is a letter from plaintiff's psychiatrist dated August 8, 2014, stating that plaintiff has been under her care since August 30, 2011. Dkt. 57, at 13. Exhibit Z is a

medical expense summary from The Medicine Store pharmacy dated August 8, 2014, documenting plaintiff's prescription medication purchases since April 5, 2010. Dkt. 57, at 14-17. Exhibit AA documents prescription medication purchases from a Wal-Mart pharmacy between January 25, 2011, and July 7, 2014. Dkt. 57, at 18-19.

## II. Analysis

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days of the entry of the judgment. FED. R. CIV. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. FG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[1] *Christy*, 739 F.3d at 539 (quoting *Servants of Paraclete,* 204 F.3d at 1012).

---

[1] The Court in *Christy* held that the district court acted within its discretion to grant a motion to reconsider where it mistakenly overlooked an issue that had been properly raised and argued by the parties.

Plaintiff timely filed a Rule 59(e) motion but does not identify grounds on which the court should reconsider. He neither introduces nor argues any change in controlling law in this matter. Rather, plaintiff expresses only disagreement with the court's ruling, relying on law previously addressed in summary judgment. However, the court finds that plaintiff's submission of evidence and allegations of error implicitly raise the issues of: (1) new evidence, and (2) clear error or manifest injustice in granting summary judgment.

### *A. Consideration of New Evidence*

A party moving for reconsideration under Rule 59 may introduce new evidence only upon a showing that the evidence was newly discovered or that counsel made diligent yet unsuccessful efforts to discover the evidence. *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).

Plaintiff argues that newly submitted exhibits Q-Z, and AA demonstrate the court's error. However, this evidence existed prior to February 26, 2014, the date plaintiff filed his response to the motion for summary judgment. They are not newly discovered evidence.

Plaintiff's new affidavit contains two types of information: (1) a summary of the other exhibits contemporaneously filed, and (2) additional testimony that re-states old facts with a new perspective. Plaintiff could have provided all facts he now submits as new testimony prior to summary judgment. His only explanation is that he misunderstood the meaning of the word "offended" in the context of his claims against

defendants.[2] Dkt. 55, at 3. Plaintiff now attempts to re-frame his answer on the same facts, but provides no newly discovered evidence. Similarly, plaintiff's deposition excerpts from 2013 were available to plaintiff before summary judgment. They are not newly discovered evidence.

The audio recordings underlying Exhibits Q-V and X were transcribed after summary judgment. Yet all were recorded on or before July 9, 2010, and could have been transcribed three years ago. Plaintiff does not claim that he made diligent but unsuccessful efforts to obtain the recordings or that they were beyond his possession prior to summary judgment. These transcriptions are not newly discovered evidence.

The Martley memorandum, Exhibit W, is dated October 14, 2008. Plaintiff does not tell us if or when he obtained the memo, or why he could not have obtained it had he made a diligent effort. Again, the memo is not newly discovered evidence.

In Exhibit Y, a letter dated August 8, 2014, plaintiff's psychiatrist verifies that plaintiff has been under her care since August 30, 2011. It is nearly beyond dispute that plaintiff could have requested such a letter at any point after her treatment began, which eviscerates the claim it is newly discovered evidence.

Exhibit AA documents prescription drug purchases after plaintiff responded to the motion, but only one of those purchases was for a drug prescribed after plaintiff's response. That prescription was for 550mg tablets of naproxen sodium, which plaintiff does not argue is new relevant evidence. *See* Dkts. 53; 57, at 19. All other prescription

---

[2] When asked in his earlier deposition whether he was "offended" by another officer's conduct, plaintiff replied "no." Dkt. 55, at 3.

drugs purchased after summary judgment were prescribed prior to judgment. Thus, the relevant evidence in Exhibit AA was readily available to plaintiff at any time prior to summary judgment and it contains no newly discovered evidence.

Although plaintiff's new exhibits were not aggregated prior to the summary judgment response, all evidence therein was available to plaintiff prior to his response to the Motion for Summary Judgment. Plaintiff does not show that counsel made diligent yet unsuccessful efforts to obtain any of these exhibits prior to the court granting summary judgment. Therefore, these exhibits do not constitute newly discovered evidence and are not grounds for granting a motion to reconsider.

### B. Clear Error or Manifest Injustice

A court's failure to address issues or interests previously raised by the parties may be grounds for reconsideration to correct clear error or prevent manifest injustice. *See Christy*, 739 F.3d at 539; *McClintock v. Coffeyville Res., LLC*, 2010 WL 3992308, at *2 (N.D. Okla. Oct. 12, 2010). However, Rule 59 motions are "not vehicles to 'advance arguments that could have been raised in prior briefing.'" *Hamstein Cumberland Music Group v. Williams*, 556 F. App'x 698, 703 (10th Cir. 2014) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

Plaintiff's motion fails to raise any issues the court overlooked in summary judgment. Plaintiff identifies no arguments that are new or that could not have been advanced in prior briefing. Rather, he makes previously-asserted arguments while pointing to facts the court chose not to discuss in its order granting summary judgment.

6

It is fair to say plaintiff disagrees with the court's conclusions, but fails to show clear error or manifest injustice in the court's granting of summary judgment.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2014, that the plaintiff's Motion (Dkt. 53) is DENIED.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE